Appellant. Mr. Cassis for the appellant. Mr. Wessler for the appellate. Thank you, Ernest. May it please the Court. This is a diversity case involving a few-to-the-class action arising out of Whole Foods' alleged actions occurring in the District of Columbia and also in up to 27 other states. However, Whole Foods is subject only to specific jurisdiction in the District of Columbia. As a result, it can only be hailed into court here for claims related to its actions in the District. Whole Foods asked this Court to engage in a de novo review of the District Court's memorandum of order relating to Whole Foods' motion to dismiss, in order the District Court to dismiss the claims against Whole Foods arising out of alleged injuries suffered outside of the District of Columbia. For our argument here today, I will highlight three of our arguments that are contained in our brief. First, the principle... May I suggest, Counsel, that you not read your argument? Our rules discourage that. Yes, Your Honor. So first, I'll address the fact that the decision of the Supreme Court in Bristol-Myers compels the application of specific jurisdiction in the 14th Amendment due process clause to the claims that are being alleged against Whole Foods in this class action. Second, Your Honor, I'll address the fact that Rule 23 is not sufficient to protect the due process rights of Whole Foods with regard to the claims being alleged against it for claims arising outside of the District of Columbia. Didn't one Supreme Court case actually say Rule 23 was designed to protect the interests of the plaintiffs, not defendants? That's correct, Your Honor. That's Phillips Petroleum v. Schutz, as cited in our brief. And then the third point that I'd like to highlight here today is the fact that the class action plaintiffs here that have the claims arising outside of the District of Columbia will not be deprived of their day in court. There are other forms in which they can bring those claims, even as a class action. Could I ask you to focus on what is an antecedent question, the one that the plaintiffs raise at the end of their briefs, which is that putative class members are not even the parties over which the court needs jurisdiction. You don't face a jurisdictional issue until the court certifies the class. Could you start on that? Of course, Your Honor. While we can get involved in the party-nonparty debate, and I do believe there are cases that highlight when putative class members are considered to be parties, for example, for statute of limitations. I think what counsel was – I think Judge Taylor was asking you whether this is premature.  I apologize, Your Honor. It's not, because the claims here are clearly alleged in the Second Amendment. No, no, no. That's not my question. The Supreme Court has said that putative class members are not parties. They're not parties. They're not parties for claim preclusion purposes. They're not parties for amount of controversy. They're not bound by settlements. They're not parties. And just help me logically. How can you move to dismiss a nonparty? How do you talk about a court's jurisdiction over someone who's not a party? That's what I don't understand. Because, Your Honor, what we're focusing on here is the claims that are being alleged by the named parties. But I'm asking you a different question. I'm not – it doesn't make any difference what claims the named parties are raising. I'm asking you about whether we can even get to your question about jurisdiction if these people are not parties. That's my only question. The putative class members here are being represented right now by the named parties. These named parties are alleging claims for actions that occurred outside of the District of Columbia. So what we're saying is that you have to address the claims to see whether their claims are subject to the specific – or subject Whole Foods to the specific jurisdiction of the district court. If you dismiss those claims, yes, it will have an impact on the unnamed putative class members. But you still have to address at this stage, the jurisdictional stage in the pleadings, as to whether those claims should be dismissed. I hear your answer, but I don't – maybe I'm missing something, but it doesn't answer my question, which is that the proper time to raise this is when – is in the class certification to determine whether they are parties. I mean, the court might decide in this case, the district court might well decide that under Rule 23, this is not an appropriate case for class certification, in which case you'll never have to deal with this issue. I understand, Your Honor, and so – So what is the answer to my question? So the Rule 23 – You agree with me, right, that putative class – putative members are not parties, right? I think for purposes of this question on jurisdiction, they should be bound by the rulings of the court as to whether the court has specific jurisdiction. So you think putative class members are parties for jurisdictional purposes, but not for claim preclusion, amount of controversy, right? None of that? What's the distinction? Because based on the face of the complaint, you can tell whether those putative class members' claims should ever be adjudicated in this particular district court case. Counsel, may I intervene for just a moment? If I understand Judge Taylor, he's raising the point whether or not at this stage of the proceeding is the issue in effect right. And I think that was an argument that your opponent made. It shouldn't – the issue shouldn't arise until an order of class certification. And your response, as I understand it in the brief, was that argument was forfeited. And I think that is the argument that I think Judge Taylor was referring to. Well, Your Honor, that's true. They did not bring it up at the previous briefings of this case, and so they raised it for the first time in their response. No, they didn't raise it before the district judge. They did not, Your Honor. That is correct. So the court is not being asked to look at that because, as you say, Judge Silverman, that argument has been forfeited. But it's also an argument that doesn't ever need to be adjudicated because what we're talking about here in waiting until class certification in the Rule 23 analysis is really more about standing. Standing has to come after jurisdiction. The court has to decide whether the claims in front of it subject Whole Foods to specific jurisdiction in this particular instance. Here, the claims that arose out of Whole Foods' action in the District of Columbia do subject it to specific jurisdiction here. However, looking at the claims of, for example, an Illinois resident who was employed only in a store, a Whole Foods store in Illinois, his or her claim only arises by actions of Whole Foods in Illinois. So to have those claims brought here, even in a class action, effectively you're asking the district court potentially order Whole Foods to pay money to an Illinois resident who has never worked and was never injured in the District of Columbia. The longer statute in the District of Columbia specifically prevents that kind of ruling because the 14th Amendment as applied through Rule 4k1a here, which is how Whole Foods was served, prevents that kind of jurisdiction reach to hold and hail Whole Foods into court in the District of Columbia for actions that occurred in Illinois or even in Northern Virginia. Specific jurisdiction analysis requires only claims that arise out of actions in this form be adjudicated by either the superior court or by the district court here in the District of Columbia. Along the lines of Judge Tatel's question, in two cases, Ortiz and Kamm, the court has said that the lower court should address certification before it addresses even Article III standing because that's an issue antecedent to those questions. Why isn't that an issue antecedent here as well? There was a dichotomy in the Amkin case as far as what Your Honor is referring to, that you should look at Rule 23 before jurisdictional issues when whether there would be classification is at issue. What we're saying is... I'm sorry, when what? I just didn't hear you. I'm sorry, Your Honor, whether class certification will be an issue. I see, I see. Didn't the court say whether it was logically antecedent? Wasn't that the term? If it was logically antecedent? I don't remember the exact quote, Your Honor, but yes, that sounds about right. But there was also the flip side of that, which is if there's no issue about class certification, you still need to look at jurisdiction first. I don't know where that part comes from. In both of these cases, the court says because class certification could be dispositive, you should address that first. So here, for example, if the district court were to not certify the out-of-state subclasses at all, then we would not have this jurisdictional question at all. And in particular, since it's a completely undecided jurisdictional question, which was not the issue in either Amcham or Ortiz, it's like an additional reason not to charge forward on an as-yet undecided jurisdictional question when you have an antecedent certification question. So if the district court were to decide against you to certify the class, of course, this would be required unless the certification was wrong. In which case, again, the court could decide it was wrong. If the court should decide in your favor, then you would not have the jurisdictional issue. And this is not the interesting thing about these two cases. These are Article III questions, which are not the same level of importance with respect to jurisdiction as personal jurisdiction because, after all, personal jurisdiction is the sort of thing that can be waived. Article III can't be. Article III is something that has to be decided in sua sponte by a court. Was this point, was this a point that Judge, my colleague, presents so eloquently raised by the defendants in this case, and the plaintiffs in this case? Did you hear my question? I did not, Your Honor. I'm sorry. Could you repeat that? Was Judge Garland's point raised by the plaintiffs in this case? It was not, Your Honor. It was not? Not at all. Not at all. So the rule in those circumstances with respect to forfeiture is we can still consider it if we regard it as an important enough question, and there are reasons for considering it, which would include avoiding deciding an undecided constitutional question. In fact, what you're asking us to do, forfeiture isn't like waiver. Forfeiture doesn't preclude our considering the issue. It only makes it much more unlikely that we would consider the issue. Let me address the fact that this is a... Well, let me just add to what the Chief Judge said, which is the Supreme Court has specifically held that even issues that aren't raised in the district court can be addressed by this Court if they're antecedent to and dispositive of the issue that is raised, and if it's just a legal issue and it's brief, which is this case. U.S. National Bank versus independent insurance. What a worst decision the Supreme Court ever made. It's only saying that because he was involved in the panel decision. As I have written, it's generally ignored. Well, what do you think about that? I mean, you know, that's what the Supreme Court says. This issue, whatever you think about the issue, it is antecedent to your argument. It's potentially dispositive of it if it's correct. It's legal and it's fully briefed. But, Your Honors, I need to address that particular point for two reasons. One is waiting until class certification of Rule 23 doesn't necessarily protect the due process rights that Whole Foods is entitled to under the 14th Amendment. We need to address that jurisdictional issue. We need to protect those rights, that liberty interest that is cited in other Supreme Court cases. That's number one. Number two, even though this is uncharted, unconstitutional territory, the Bristol-Myers case crystallized the due process case law that has been developed over the past several decades. It did, but it does expressly leave this issue undecided, right? It does, but the next logical step. I understand that it might. I appreciate your argument that it may be the next logical step. Actually, I found it interesting in your brief. Here you say it's compelled by Bristol-Myers. In your brief you say it's the next logical step after Bristol-Myers. But Bristol-Myers at least expressly left this undecided. It did, but this kind of case, I think, requires that that next logical step be taken because what we're dealing with here is the liberty interest of Whole Foods being hailed into court for actions that may have occurred in other jurisdictions outside of the District of Columbia, which is not allowed under the 14th Amendment due process clause. Your Honor, at this time I'd like to reserve any remaining time for my rebuttal. Thank you very much. Thank you. Thank you. May it please the Court, Matthew Wessler on behalf of Michael Mollick. May I ask you a question at the outset? Yes, Your Honor. Why in Lord's name would you drive 100 miles down the road and file this case in federal district court in Delaware where there would be no question you have general jurisdiction and you could have a class action that would cover everybody in the country? Your Honor, you know, I can think of a number of reasons right off the bat, but the first is that a plaintiff has the choice of forum. And in this case, the plaintiff chose to file in the District of Columbia. Yeah, well, that's a response that's a non-response. The point is that if you filed in Delaware where the defendant has general jurisdiction, there is no question you can have your class action nationwide. Whereas in this situation, you're going to have to wait over time to a Supreme Court decision because there's no question there's going to be a Supreme Court decision on this one. There's a case in the Seventh Circuit. There's a case in the Fifth Circuit. This one might go up, too. You can't. The issue will ultimately be decided in the Supreme Court. You could avoid all that just by filing in Delaware. I don't dispute the bottom line of Your Honor's question, but I take issue with what I suppose is your suggestion that all plaintiffs should be required to file in one district somewhere in the United States. Yes. Could the plaintiff have filed a nationwide class action in Delaware? Yes. Where the defendant has general jurisdiction. Could they have also filed in Texas? Yes, that's also true. But I was just thinking since Delaware is real close. I understand. I understand. But as a constitutional matter, there is no problem with a plaintiff filing in federal court in D.C. for the simple reason that it is the Fifth Amendment in its minimum context requirement that applies in federal court and not the Fourteenth as a matter of constitutional concern. The Fourteenth Amendment in this case only applies as a matter of congressional choice. Congress made a decision through Rule 4K1A to tie only those plaintiffs that are required to serve process under that rule to the Fourteenth Amendment's territorial restrictions. Where do you see that? I'm talking about court. Are you talking about Rule 4K1? Yes. Yes, Your Honor, 4K1. That sure says that you should file in a federal court in accordance with the jurisdiction of the court of general jurisdiction in the state. Why isn't that? Yes, that's right. So 4K1, we agree. 4K1A. There are other sections. But 4K1A requires service of process consistent with, in this case, the district's long-arm jurisdiction statute. But that only applies to the named plaintiff in the case and that plaintiff's claims. That has been satisfied in this case. Mr. Moloch, the plaintiff in the case. Where does he say it only applies on a named plaintiff? Well, it doesn't say that in the rule, Your Honor. Sure it doesn't. No, it definitely doesn't. But Congress has created exceptions to that basic requirement for a whole range of ways in which other parties are involved in a case. As an example, the Joinder Rules, Rules 14 and 19. Those rules allow for additional parties to come into the case, and they are not subject to the same 14th Amendment territorial restrictions. That's the 100-mile bulge rule. The same is true for substitution rules. And the same is true of Rule 23. What Congress did with Rule 23 is it carved out an exception to this service of process rule under 4K1A, and it said for absent class members who are joined into a case at a later date, they are not required to serve process or a complaint in the same way that a named plaintiff would. Where do you get that out of Rule 23? I didn't read that. Well, there's nothing in the rule itself, Your Honor. There's another one that's not in the rule. Sure, but all these rules? Can you give me a copy of your amendments to the rules? Sure. If you're looking for support, Your Honor, for the idea that Congress can authorize participation in a case consistent only with the 5th Amendment. I think he's looking for support for the proposition that Congress did authorize it in Rule 23. Congress hasn't said. I think the authorization is essentially that these class members don't need to comply with Rule 4K. There is no requirement in Rule 4K. Rule 23 sort of repealed 4K1? Is that your theory? It stands, Your Honor, as an exception to that rule. There's nothing in Rule 23 that says that. And as a matter of fact, the Supreme Court has said that Rule 23 is for the purpose of protecting plaintiffs, not defendants, whereas personal jurisdiction is designed to protect defendants. Well, the Supreme Court said that in Schutz when it was only focused on – No, it said it in another case, too. Well, it said that – it may have said that in several cases, but I think Rule 23 acts as a fairness check for both plaintiffs and defendants. As an example, in this case, you know, we've heard Whole Foods in its brief argue that it would be unfair for it to face a multistate or nationwide class action in D.C. We haven't heard why that is true. But if you were to attempt to identify some concrete reasons why Whole Foods would think it would be unfair, Rule 23 itself stands as a check for almost every single one of them. If the concern, for instance, is that they think that there might be some substantive law that would apply to some of the class because you're in D.C. that you wouldn't get, you know, if you were somewhere else, well, Rule 23a has adequacy and typicality requirements. So you think Rule 23 is inconsistent with Rule 4k1a? Absolutely not inconsistent. I think they're read in harmony, the same way that all of the other rules that authorize different forms of service or process or none at all are read in harmony with Rule 4k1a. When Congress wrote that rule, it only applies to the named parties in a case. And I think for support, if Your Honor is looking for it, I point you to the Supreme Court's decision in Eisenstein. That was a key tam action. And in that case, a named plaintiff, an individual. I didn't remember that in your brief. I'm sorry? I didn't remember that. I can get you the cite, Your Honor, but we did cite it. But I'll get you the page number if you'd like. But in that case, which was a key tam action brought on behalf of the government, a named plaintiff filed the complaint and served process. And the court said Rule 4 only applies to the named parties in the case. It doesn't matter if you're bringing it as a representative action. Those you are seeking to represent are not required under Rule 4 to serve process in the same way. And as a result, the absence of that requirement takes you out of the 14th Amendment's territorial restrictions and places you firmly into the Fifth Amendment restrictions, which, as we all know from this court's decision in Livnat, extend to the full scope of the country. So although the minimum context requirement, the standard in this case. Well, Livnat is not a diversity case. That's correct, Your Honor. But I don't think there's any authority that I've seen, certainly, to suggest that there's a difference in the way the Fifth Amendment operates between a federal question claim and a diversity jurisdiction claim because you're in the court that exercises the power of the United States in exactly the same way. Well, that's inconsistent with 4K1A. I'm sorry. I don't agree that it's inconsistent with 4K1A because 4K1A operates both for diversity jurisdiction cases, claims that are brought under state law, and for federal question claims that don't include a nationwide service of process provision. So for the mine run of federal claims out there, a plaintiff is still required under 4K1A to comply with the 14th Amendment when it's serving its complaint for federal question claims and for diversity jurisdiction question claims. Does Rule 23 have a provision for service of process? No, Your Honor. It does not. Well, so then I would understand the argument that another rule or another statute would overtake Rule 4K1 with respect to how you get jurisdiction over a plaintiff. And I understood you to say Rule 23 does that, but I'm at a loss now if the answer is it doesn't provide for it to see how Rule 23 substitutes. I'm sorry. I didn't. If there is no provision in Rule 23 for service of process, then how does it substitute for or add to 4K1? It has been the settled practice, and I don't think you could find a case in the federal system that has required absent class members after a case has been certified to serve process under Rule 4. And the reason is that this is not like a mass tort action, like the action that was at issue in Bristol-Myers, where each individual plaintiff was required to serve their individual complaint and was a named party in the aggregate case. For a class action under Rule 23, absent class members don't need to do anything. As the Court has said in Shady Grove, among other decisions, they can sit back and relax, and they are bound by the judgment, but they don't actually have to do anything in the case. The ultimate requirements about sending out notice in one form or another, where do those come from? In a class case? Yeah. That's in Rule 23. So why wasn't that the answer to my question? I think that could be an answer to your question, that there are procedures within Rule 23 itself that serve the effective function of what service and summons does under Rule 4. I think I want to take a step back. So once they are served by those provisions, they are bound, unless they opt out. That's correct, Your Honor. I just want to take a step back, if I can, and I think just emphasize what the upshot of Whole Foods' argument is in this case. Under its constitutional logic, which is that the 14th Amendment applies entirely to federal courts in diversity jurisdiction cases, there is no way to draw a line that wouldn't also mean that all of the ways that Congress has created exceptions to this basic rule wouldn't also be unconstitutional. That would extend not only to the joinder and substitution rules in the Federal Rules of Civil Procedure, but also it would render CAFA unconstitutional, it would render nationwide service of process provisions unconstitutional. What if their argument were simply restricted to the 4K1 question? That is, in cases where 4K1 governs, you're restricted to the 14th Amendment. That's what Burger King says. But if another, if there's another way to get personal jurisdiction, then you're not limited. Your Honor, imagine. Why is that a problem, what I just said for you? Because you think 4K1, there's a substitute for it. If there's another way to obtain process, I'm sorry. Is there not another way to obtain process in those other examples that you gave? I was just about to answer your question, I suppose, with an example. In an MDL case, you have plaintiffs who have satisfied Rule 4K1A's requirement by filing, let's say, one in California and one in Minnesota. But under the MDL statute, those cases may be consolidated somewhere entirely different, Virginia. And they have not satisfied Virginia's territorial restrictions when they filed their claim in their Federal District Court in their state. And yet, under Whole Foods' theory, that is still an unconstitutional exercise of a district court's power in Virginia, if it is exercising that power over a California or a Minnesota case. So I think to answer your Honor's question, under Whole Foods' theory, that would be unconstitutional. They believe that the 14th Amendment operates entirely throughout the federal system and restricts the exercise of a federal court's power in the exact same way as it does in the state. But that ignores what is the fundamental distinction between our federal system and the state's. Do you have any case? I see all the cases to the proposition that notwithstanding the Fifth Amendment, we follow the 14th Amendment in diversity cases. No, Your Honor. Outside of Rule 4K, I don't think you will find any cases that say that the 14th Amendment operates as the constitutional control. It's the Fifth Amendment. Now, in Livnat, what this Court said was the standard is the same for minimum contacts. We will apply the same standard that the Court – and I should say, the Supreme Court has always, in all of their personal jurisdiction cases, that they've always analyzed the 14th Amendment's restrictions because the cases have come up through state courts. In Livnat, this Court said, look, for the Fifth Amendment, the minimum contacts test is the same, but the scope is different. That was not a diversity case. I agree with you, Your Honor, but I don't think doctrinally there is any consistent way to carve out diversity jurisdiction cases from the basic rule that the Fifth Amendment applies. I don't think you'll find any authority. I certainly haven't found any authority that suggests that there's a difference. Counsel, one of the arguments you made is that if we were to follow what your opponent's contention is, the logic of Bristol-Myers, and take one step more in the logic, that would create chaos because class action cases could be brought all over the country. But you didn't respond at all to your colleague, your adversary's position, which is, hell no, the case can be brought in a location of general jurisdiction, and then there would be one class action. Yes, Your Honor, that is a possibility, but I do not think – It's not a possibility, it's obvious. It may be an obvious possibility, but it is not the exclusive mechanism. Yeah, but why in Lord's name do we have to fight through this issue when it's so easy for the plaintiff to go to the location where the defendant can be sued under general jurisdiction, not specific jurisdiction? I mean – And then that would oust class actions all over the country. You'd have one class action. Your Honor, one may prefer that as a policy matter, but I do not think it's mandated by the Constitution. Well, the only reason I'm referring to it as a policy matter is you, as a policy matter, argue that the alternative would be chaos, and I'm pointing out that your argument that the alternative is chaos is wrong. I understand the point, Your Honor. I disagree with the conclusion, and I think that under both general and specific jurisdiction, plaintiffs have options available to them that does not require or restrict them to sue in one jurisdiction. And so specific jurisdictions – Oh, there's no question you're right about this. This was a class action dealing only with individuals who had specific – granted specific jurisdiction or conveyed specific jurisdiction in the District of Columbia. There would be no problem. Yes, Your Honor, that's correct. At the same time, there has – up until Bristol-Myers, you cannot find a case or a defendant that has made the argument that Whole Foods is making here. And I would submit that there's a reason for that, which is that under the Fifth Amendment, it's not required as a matter of the Constitution. Now, just to provide a complete answer, could Congress at some point decide that it wants to restrict the filing of class actions in the way Your Honor is suggesting? Yes, I think it has the power to do that. But Rule 23 speaks very clearly, I think, and empowers any court in any civil action in the federal system to certify a class action, and it authorizes unambiguously any plaintiff to maintain one. So your view is when the district judge dismissed two of the named plaintiffs, he committed error? No, Your Honor. The named plaintiffs are required to comply with Rule 4K. What he did there was follow that basic rule. Where did you get out of Rule 23 that the named plaintiffs have to comply with Rule 4K? That's not in Rule 23, Your Honor. That's for sure it isn't. Yep, that's Rule 4K. That requirement applies to the named plaintiffs. It does not apply to any of the absent class plaintiffs. But there's nothing in either rule that states that. I'm sorry, states what? There's nothing in either rule that states what you just said. No. We grant that there's nothing in the rules that specifically exempts absent class members from Rule 4. But we think by design, that is what Congress intended with Rule 23, by empowering all federal courts to certify a class and by empowering any plaintiff to maintain one, we think that is evidence that Rule 23 operates as an exception. And by set of practice, where after certification, class members have never been required to comply with Rule 4K, you will not find a single decision in the federal court system that comes out and says, oh, in fact, once a class has been certified, every class member has to file a complaint in the summons consistent with Rule 4K. There's a reason behind that, and it's that Rule 23 operates differently for those absent class members. Counsel, I'm a little uncertain about your strategy. I would have thought your first argument, your first sentence would have been, there's no need to decide this hard issue here because putative class members are not parties. You make that, and you didn't even raise that until the end. I read your whole brief, and not until page 34 did I discover that you thought there was an issue that would prevent us from even deciding this difficult question. Yes, Your Honor. Are you not that confident about that? No, we think that argument is available to this court. Available or dispositive? No, available. I don't think it's dispositive. You don't? No, and the reason I don't think it's dispositive is because the district court held that absent class members were not a relevant subset or category of parties for the purposes of personal jurisdiction analysis. And I think that this court can affirm that holding, even at this stage, by essentially adopting the core merits argument that we've made in this case. I think, just to kind of add to that, there's something of an efficiency argument that I think we've got going on here that militates, I think, in favor of the court reaching the core question here. In its order certifying the appeal to this court, the district court explained that it was staging discovery in this case, and it was staying the discovery related to all of the potential class beyond just those states of the named plaintiffs that were in the case. And so as we stand here today, there is no discovery moving forward in this case for the full scope of the class that will be subject to Rule 23 in class certification. If this court were to dodge the question or decide that it was premature for some reason, we might be back up here in a year, but the case itself would suffer, and we would not have advanced far enough to get to a point. Then why did you even make the argument at the end of your brief? Well, I think that there are – let me put it this way. What Whole Foods – the procedural mechanism that Whole Foods used here was to file a Rule 12 motion to dismiss. And so far as we have been able to find, there has been almost no authority that a district court has jurisdiction in the way that it could to dismiss out the claims of absent class members. I think this gets back to Judge Garland's point earlier. But it's happened twice in a way in both Illinois and Texas. Well, Your Honor, but this actually goes right to my point. In Illinois, in the Seventh Circuit case, the defendant filed a Rule 12 motion to strike the class allegations. What's the difference? There's a significant difference because a district court doesn't have jurisdiction over the claims of absent class members until class certification. No, but trying to make significance between a motion to dismiss and a motion to strike strikes me as manini. Manini is Hawaiian for small. Be that as it may, Your Honor, I do think that there are potential jurisdictional problems. Had the district court in this case, Judge Tatel, come out the other way, it couldn't – didn't have the power to order the dismissal of absent class members' claims because those claims are not before it until class certification. But it didn't do that. That assumes the conclusion. That's the whole issue in the case. Yes. Yes, I agree, which is why I think this – I think it's right for this court to decide it now. However, if the court were to come out the other way and disagree with the district court and hold that the court must dismiss the claims of absent claim members at this stage, that, I think, would be premature because there are no claims to be dismissed at this point. And so as a procedural matter, had Whole Foods done what the defendant in the Seventh Circuit case had done, I think the motion to strike class allegations would authorize the court, and I think it would be right to rule on that one way or the other. Here, though, I don't think there would be any way a district court could comply with this court's order to dismiss the claims of parties who are not, in fact, before it. So in that way, there's a kind of procedural or advisory issue, but I do not think it comes up if this court is going to affirm and rule precisely on what the district court did in this case. The district court said that in fairness to the defendant, it had to dismiss the named out-of-state plaintiffs. Yes. Why is there a fairness with respect to the named out-of-state plaintiffs that doesn't also apply to the unnamed? That was my point. Yes, but again, that is because the named plaintiffs must comply with Rule 4K1 service requirements. Well, that's not what the court meant by fairness. The court was talking about fairness, not just about compliance with 4K. I'm not sure I read that much into the term fairness. I think what the court is talking about is the minimum context fairness issue with respect to 14th Amendment. Yes. It didn't depend on its interpretation of 4K. It depended on the district court's interpretation of hailing somebody into court on claims that were outside. Agreed, agreed. But the only reason that the court could make that finding and hold that it failed to comply with the minimum context requirement of the 14th Amendment is because in federal court, the 14th Amendment only applies through operation of Rule 4K. And so when I say 4K, that is a stand-in for Congress's choice to incorporate the 14th Amendment for a limited purpose in these cases. And the limited purpose is can the named plaintiffs satisfy the minimum context requirement, in this case, for the District of Columbia? And the district court in this case said some yes, some no. So I agree with you, Judge Garland, that when the district court speaks of fairness, it's thinking about minimum context. The only reason it gets to that point in the first place in this analysis is by operation of Rule 4K. And we do not have that same operation applying to the absent class member claims. Just again, I think that's an interesting theoretical argument, but it's not the words the court said. The court says, while plaintiffs note the concerns of forum shopping are not at play at the Fifth Amendment context, this is the same way as in State courts. The personal jurisdiction inquiry is not centered solely on such concerns. Instead, a vital purpose is to ensure fairness to the defendant. In Federal and State courts alike, defendants should face suit only under fair circumstances. Here, fairness to defendants counsels against exercising personal jurisdiction over the claims of Bowens and Strickland, which simply have nothing to do with this forum. So if you just put in the words unnamed plaintiffs instead of Bowens and Strickland, I understand the argument about 4K. Whether that's what the court has in the back of its mind or not, what the court is saying is that it would be unfair to allow these plaintiffs' claims here against the defendant because they have nothing to do with the forum. And it's also true of the unnamed plaintiffs. Those claims have nothing to do, those State law claims, have nothing to do with the forum. Sure. And my answer would be Rule 23 provides the check on fairness if and when this case ever gets to a place where what's at issue is the fairness of allowing the class to move forward that includes claims of out-of-State class members. There are adequacy, typicality, and predominance requirements built into Rule 23 that make it difficult to certify a multi-State class action for perhaps the precise reason Your Honor is suggesting. But as a technical matter, technical, but I mean constitutional, the minimum context analysis that a federal court must undertake in these cases is based on the Fifth Amendment unless Congress requires something else. And it is only for the named plaintiffs in the case where Congress has said, do the Fourteenth Amendment minimum context test. That's your guidepost for when it's fair and when it's not fair. But for everybody else, Rule 23 is the framework and the vehicle. And we don't require compliance with Rule 4K. And as a result, the Fourteenth Amendment simply just doesn't apply once we've surpassed or proceeded past that initial pleading stage in the case. That's a very adventuresome reading of the federal rules. Your Honor, I think that's the way that federal class practice has worked in this country from the beginning. And no one, not a single court, has questioned this, the rule that I just explained. You're right until Mr. Myers. Now three courts have questioned. I mean, I think there have been a bunch of district courts that have been forced to confront the argument that we are confronting here. That's for sure true. But before Bristol Myers, I think you would agree with me, you wouldn't be able to find anything anywhere that suggests that this is a problem. Forgive me, if my aunt had wheels, she'd be a trolley car. Before Bristol Myers, we wouldn't have a problem. It doesn't make a lot of sense. We have the question because of Bristol Myers. Let's step back and focus on what Bristol Myers was about. Wouldn't Bristol Myers be a nullity under your theory? No, since all those plaintiffs in that case could could have been put in a class action. No, I don't think the decision. No. I mean, that case, first of all, of course, was not a class action. But if I said what you're asking, that class action, you just reverse the position. Yes. The answer. My answer to you is, if you're asking, could they have filed a class action? My answer is they could file it. But could they certify it? That is the key question. And my answer to you would be, I don't know. But Rule 23 imposes some very serious obstacles to certifying a class that would be a drug injury class of everybody who claims they've been injured by a drug like Plavix, which was at issue in Bristol Myers and rule. It is Rule 23's multiple places that those requirements stand as a as a almost insuperable obstacle, obstacle sometimes for certifying a class that includes the claims of out of state class members, precisely because if you have a named plaintiff in California, their claims may not be adequate. They may not be an adequate representative. Their claims might not be typical or there might be individualized issues that make certifying the class improper. But all of that is accounted for in Rule 23. Which cases describe the Rule 23 protections as protecting the defendant? Are you asking about the Supreme Court cases? I don't know that the Supreme Court has ever actually looked into that issue in the way where they focus on the defendants. Forgive me. I have my recollection. I can't recall exactly the case. But the Supreme Court has specifically said once that Rule 23 provisions are designed to protect plaintiffs. It has said that, but your honor, you recall that? Yes, it has said that, but it has never specifically confronted this question in the context of a defendant's rights. And so I think until that happens, we're left with what we know Rule 23 is designed to do. Is there a case in our circuit or you preface by saying it was asking about the Supreme Court, which says its decision in Walsh v. Ford Motor was not cited in any of the briefs, 807 F2D 100, where I think, and it has been relied on, in fact, recently by a district court in this circuit to deny class certification in a multi-state, a proposed multi-state class action. And if the court would want a supplemental briefing, we'd be happy to provide it. I think we can find the citation. That's okay. But in that case, this court did lay out the significant obstacles that Rule 23 creates for certification of multi-state class actions. And I think that from our perspective, that has worked in this country from the beginning, continues to work. And unless and until the Supreme Court informs everyone that the rules are different, this court ought not to read Bristol-Myers as somehow mandating a different constitutional analysis. Further questions from the panel? Thank you. Is there any time left? We'll take two minutes. It's okay. Thank you, Your Honor. I appreciate that. Your Honor, the 14th Amendment due process clause does not take a backseat to Rule 23. What appellees here are arguing is that they agree that an individual in Illinois would not be able to come into the D.C. Superior Court and file a claim arising from actions that occurred in Illinois. But suddenly, because you put together a class action, jurisdiction now exists. That is not how the 14th Amendment due process clause works. Here, we've got named plaintiffs who are alleging violations of a number of different state laws, and then a larger bucket of various others. And so those claims would include a multitude of states where there were actions that Whole Foods took outside of the District of Columbia. What do you say to the counsel's argument that if you are correct about this, all MDL proceedings are unconstitutional? I disagree with that, and here's why. I assumed, but I was wondering why. MDL proceedings are specific in that you have transferee courts sending everything to one particular court to coordinate for convenience purposes. Well, for whatever purposes, but discovery is ordered out of those courts over defendants who have no connection to that court's forum. But a defendant has the opportunity to return to its home state, or to the state where the case was originally filed, in order to actually have the case tried. And that's the protection that... Can it overrule the preliminary decisions of the MDL court? Can it object to discovery from the MDL court on the theory that it's outside of the forum state? I don't believe so, no. So aren't all those things unconstitutional? I don't think so, because the focus here of the 14th Amendment Due Process Clause is you can only be hailed into a court where your actions gave rise to the claims. That provides for the court in that particular forum to try the case and provide the defendant with a ruling by a court that actually has an interest in and cares about the result. But when we're talking about the MDL court, where everything is combined, the fact that the MDL court coordinates discovery, rules on discovery motions, made a rule in summary judgment, doesn't impact the fact that at the end of the day, the defendant can still return back to the original court to have the case tried. So that requires the defendant not to show up in at least two courts where they didn't think they would have to show up at all, at least one of them at all. It requires the defendant to submit to the discovery orders in a court that could be 3,000 miles away from its home. Convenience is an issue, but I think at the end of the day... Does anybody argue that that procedure contravenes either the Constitution or Rule 4418K? Not that I'm aware of, Your Honor. No, so I'm not asking for that reason. The question they've raised, what is appropriate that we have to consider what the implications of a decision would be, and so I'm asking whether the implications of this decision would be to render that unconstitutional. Let me ask you another question that was raised in opposing counsel's brief. What about a foreign corporation not at home in any state? Does it have to be sued separately in every state? So here's a hypothetical, and I mean it only as a hypothetical. Imagine there's a car company in Europe that produces a particular kind of engine and falsifies the emissions and other standards of that engine, and people in every state in the United States buy those engines and then discover that they're fraudulent, false, whatever. Do you have to sue separately in every state? Does there have to be a separate class action in every state, or can there be a nationwide class action? The corporation's not at home in any United States  I think the analysis, Your Honor, would have to be, would it be substantial fairness and justice to allow a claim to proceed in just one state against that foreign corporation, depending upon that foreign corporation's contacts with the state and with the country as a whole? Well, that's the question. Is there a country as a whole question here? So it's a diversity case for fraudulent misrepresentation of emissions standards provided by that engine, or the lifetime of that engine, or of whether the airbag is safe, or any of those things. But it's purely, there's no federal statute involved. It's a diversity case brought under the common law or statutory common law, all of which plaintiffs allege are similar in every state. Can there be a nationwide class action, or is the consequence of our decision to allow 50 separate state class actions? Hypothetically, Your Honor, I don't think that 50 state actions would be required. Why? It would have to be, depending on the fact pattern, depending upon that company's contacts with the various states. There's no specific jurisdiction in any state. I mean, there is specific jurisdiction in every state, but only with respect to the people who are injured in that state, not with respect to another state. And there's no general jurisdiction anywhere. In other words, is there any way to construct a home jurisdiction for a foreign corporation? I don't think that's ever been faced. And or is that required? I'm not aware of it ever being faced. One of the things that comes to mind is, in particular, if you have operations of a foreign corporation that are significant in a particular state or a few of those states, then while it might not necessarily be incorporated in those states like a domestic corporation, but there might be a situation where the contacts are so significant with that one particular state that that foreign corporation could be deemed to be at home there. I'm remembering a case where the court found that a Philippine company, even though it was incorporated in the Philippines, was found to be at home in Ohio because everything was temporarily moved to Ohio during World War II. I'm not going to give you the very best hypothetical of the answer. Okay. I think it's clearly an undecided question. Further questions from the bench? Thank you very much. This is an interesting case. We appreciate your presentations. And we'll take it under submission. We'll take a brief recess while the other parties move up.
judges: Garland, Tatel, Silberman